UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

STEVEN KAYWOOD,

    *Plaintiff,*

    v.                                    Case No: 2:23-cv-1644

CITY OF MILWAUKEE, TYLER SEELOW,
NICHOLAS SANDOVAL, MLADEN DUKIC,
AND ANTONIO FITZGERALD,

    *Defendants.*

---

# COMPLAINT

---

Plaintiff Steven Kaywood, by his attorneys, Strang Bradley, LLC for his complaint against Defendants, states:

## INTRODUCTION

1. At about 7:30 p.m., on a Tuesday in December, Plaintiff Steven Kaywood was working at his convenience store, Boney's Foods, and stepped outside to smoke a cigarette.

2. While outside, Kaywood was talking to a few people. Suddenly, they heard gunshots.

3. Kaywood felt a hot sting, followed by a shooting pain—he had been shot in the back.

4. While Kaywood was receiving treatment at the hospital, Defendants arrived at the scene of the shooting, entered Kaywood's store, and illegally searched and seized his property.

## JURISDICTION AND VENUE

5. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

6. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Milwaukee is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

8. Plaintiff Steven Kaywood is a resident of the State of Wisconsin.

9. Defendant City of Milwaukee is a political subdivision of the state of Wisconsin and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

10. Defendant City of Milwaukee is sued as an indemnitor under Wis. Stat. § 895.46(1)(a).

11. Defendant Tyler Seelow was, at the time of this occurrence, employed as a police officer in the City of Milwaukee's Police Department. Defendant Seelow engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and regulation, and in the course and scope of his employment with the City of Milwaukee. He is sued in his individual capacity.

12. Defendant Nicholas Sandoval was, at the time of this occurrence, employed as a police officer in the City of Milwaukee's Police Department. Defendant Sandoval engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and regulation, and in the course and scope of his employment with the City of Milwaukee. He is sued in his individual capacity.

13. Defendant Mladen Dukic was, at the time of this occurrence, employed as a detective in the City of Milwaukee's Police Department. Defendant Dukic engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and regulation, and in the course and scope of his employment with the City of Milwaukee. He is sued in his individual capacity.

14. Defendant Antonio Fitzgerald was, at the time of this occurrence, employed as a detective in the City of Milwaukee's Police Department. Defendant Fitzgerald engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and regulation, and in the course and scope of his employment with the City of Milwaukee. He is sued in his individual capacity.

## FACTS

15. Shortly before 7:30 p.m. on 8 December 2020, Plaintiff was standing outside his convenience store, Boney Food's, talking with a few acquaintances.

16. Kaywood heard gunshots and everyone scattered for safety, except Kaywood.

17. Kaywood dove to the ground, deciding to play dead.

18. But Kaywood had already been shot.

3
Case 2:23-cv-01644-BHL    Filed 12/07/23    Page 3 of 9    Document 1

19. Fortunately, Kaywood's nephew was nearby and rushed him to St. Joseph's Hospital.

20. St. Joseph's Hospital then rushed Kaywood to Froedtert Hospital by ambulance.

21. Meanwhile, just after 7:30 p.m., the Milwaukee Police Department received a ShotSpotter notice of shots fired near North 24th Place and Capitol Drive.

22. While Kaywood, a random victim of gun violence, was at the hospital being treated for his wound, Milwaukee Police Department officers responded to the scene of the shooting.

23. Defendants Seelow and Sandoval arrived on scene at 7:37 p.m.

24. They walked around and saw multiple shell casings.

25. Defendants Seelow and Sandoval then decided to enter Kaywood's business, Boney's, to investigate.

26. They looked around the store for people but found no one.

27. But Defendants Seelow and Sandoval did not exit the building. Instead, they continued searching.

28. They began rifling through Kaywood's property—without a warrant, without consent, without probable cause, and without exigency or emergency.

29. As the person who shot Kaywood got further and further away from the scene of the crime, Defendants Seelow and Sandoval decided to search Kaywood's coat pockets.

30. Inside the coat pocket, they found half a gram of marijuana and 14 oxycodone pills.

31. They also decided to seize Kaywood's keys and some herbal supplements.

32. Behind the counter of Kaywood's store, they also found a small pocket-sized scale.

33. Half an hour into the unlawful search of Boney's, at about 8:24 p.m., Defendants Dukic and Fitzgerald arrived.

34. Defendant Dukic spoke to a witness outside and then entered Kaywood's store.

35. Defendant Fitzgerald, upon arrival, walked around the outside of the business and marked evidence related to the shooting, including spent casings.

36. Then Fitzgerald entered Kaywood's store. He too looked through Kaywood's coat and decided to seize Kaywood's ID and cell phone.

37. While searching Kaywood's store, while Kaywood was at the hospital, Defendant Dukic found Kaywood's hard drive that stored his security footage.

38. Defendant Dukic called Kaywood's niece, a partial owner of the store, who told him she would not be coming to the store and that she didn't know how to operate the camera system.

39. Having failed to gain consent, and without a warrant, Defendant Dukic decided to seize Kaywood's hard drive.

40. Defendant Sandoval would write in his report, of the ShotSpotter investigation, "This case was cleared by arrest."

41. Kaywood was criminally charged in Milwaukee County Circuit Court. Kaywood filed a motion to suppress due to the Milwaukee officers' Fourth Amendment violations.

42. The State dismissed the case instead of responding to Kaywood's motion.

## COUNT I:
## 42 U.S.C. § 1983 Claim for Unlawful Search and Seizure/Failure to Intervene

43. Plaintiff realleges the above paragraphs.

44. Defendants Seelow and Sandoval violated Plaintiff Kaywood's Fourth Amendment right to be from unreasonable search.

45. Defendants Seelow and Sandoval unlawfully searched Plaintiff's business, including by going through his coat pockets.

46. Defendants Seelow and Sandoval did not have consent, a warrant, or any other legal justification to engage in the type of search that they performed.

47. Even if Seelow and Sandoval had a legal reason to enter the store, they did not have a legal reason to remain for as long as they did.

48. Defendants Seelow and Sandoval did not have probable cause or reasonable suspicion to believe that any evidence would be found in Plaintiff's coat.

49. Defendant Seelow and Sandoval did not have a warrant to search Plaintiff's belongings.

50. At all times Defendants Seelow and Sandoval were in Plaintiff's store, they were acting under color of law.

51. In the alternative, Seelow and Sandoval failed to intervene in the unlawful search of Mr. Kaywood's property. Seelow or Sandoval knew that the other was going to

illegally search Plaintiff's belongings. Seelow or Sandoval had a realistic opportunity to stop the illegal search before it happened. Seelow or Sandoval failed to take reasonable steps to prevent the illegal search. Seelow or Sandoval's failure to act caused Plaintiff to suffer harm.

52. The aforementioned actions of Defendants Seelow and Sandoval were the direct and proximate cause of the constitutional violations set forth above and Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Seelow and Sandoval, and because Seelow and Sandoval acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the City of Milwaukee is liable to defend this action against Seelow and Sandoval and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

## COUNT II:
## 42 U.S.C. § 1983 Claim for Unlawful Search and Seizure/Failure to Intervene

53. Plaintiff realleges the above paragraphs.

54. Defendants Dukic and Fitzgerald violated Plaintiff's Fourth Amendment right to be from unreasonable seizure.

55. Defendant Dukic unlawfully entered Plaintiff's store, unlawfully searched it, and unlawfully seized Plaintiff's hard drive.

56. Defendant Dukic seized Plaintiff's hard drive without consent, without a warrant, and without any other legal justification.

57. Defendant Fitzgerald unlawfully entered Plaintiff's store, unlawfully searched it, and unlawfully seized Plaintiff's cell phone.

58. Defendant Fitzgerald seized Plaintiff's cell phone without consent, without a warrant, and without any other legal justification.

59. Defendants Dukic and Fitzgerald, in searching Plaintiff's store and seizing Plaintiff's belongings, acted under color of law.

60. Defendants Seelow and Sandoval failed to intervene in Defendants Dukic and Fitzgerald's unlawful search and seizure of Plaintiff Kaywood's property. Seelow and Sandoval knew that Dukic and Fitzgerald were going to illegally search and seize Plaintiff's belongings. Seelow and Sandoval had a realistic opportunity to stop the illegal search and seizure before it happened. Seelow and Sandoval failed to take reasonable steps to prevent the illegal search and seizure. Seelow and Sandoval's failure to act caused Plaintiff to suffer harm.

61. The aforementioned actions of Defendants Dukic and Fitzgerald were the direct and proximate cause of the constitutional violations set forth above and Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Seelow, Sandoval, Dukic, and Fitzgerald, and because they acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the City of Milwaukee is liable to defend this action against Seelow, Sandoval, Dukic, and

Fitzgerald and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 7 December 2023,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Strang Bradley, LLC
613 Williamson St., Ste. 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com